UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| ESTATE OF HENRY MISSICK aka ANTHONY ALEXANDER JONES by and through Personal Representative OWEN GOODWYNE | PLAINTIFF |
| v. | Civil Action No. 5:23-cv-21-KS-BWR |
| CORECIVIC, INC. | DEFENDANT |

TO:  THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, WESTERN DIVISION
Thad Cochran United States Courthouse
501 E. Court Street
Suite 2.500
Jackson, MS 39201[1]

Robert B. McDuff
Miss. Bar No. 2532
767 North Congress Street
Jackson, MS 39202
*Counsel for Plaintiff*

## NOTICE OF REMOVAL

Defendant CoreCivic, Inc. ("Defendant" or "CoreCivic"), by and through its undersigned counsel, pursuant to U.S.C. §§ 1332, 1441, and 1446 hereby notifies this Court that it is removing the above-captioned action currently pending in the Circuit Court of Adams County, Mississippi to the United States District Court for the Southern District of Mississippi, Western Division. In support of this Motion, Defendant states as follows:

---

[1] Per the Court's website, all Western Division filings should be mailed or delivered to the Clerk's Office in Jackson. *See* U.S. DISTRICT COURT, S.D. MISS., "Court Locations," *available at* https://www.mssd.uscourts.gov/content/natchez (last accessed March 22, 2023).

1

**Introduction**

1. On or about February 14, 2023, Owen Goodwyne, as personal representative for the Estate of Henry Missick, aka Anthony Alexander Jones ("Plaintiff") filed his Complaint ("Compl.") against Defendant in the Circuit Court of Adams County, Mississippi, Case No: 23-KV-0014-D.

2. The Defendant was served with a copy of the Summons and Complaint on March 1, 2023.

3. This Notice of Removal is timely filed less than thirty (30) days after Defendant received service of process, pursuant to 28 U.S.C. § 1446(b)(2)(B).

4. The United States District Court for the Southern District of Mississippi, Western Division, is the federal judicial district encompassing Adams County, Mississippi. 28 U.S.C. § 104(b)(4) (stating that the Western Division of the Southern District includes Adams County). Therefore, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

5. Plaintiff's complaint alleges that Anthony Alexander Jones ("Mr. Jones") died because of a lack of medical attention by CoreCivic personnel while in the waiting room at the Adams County Correctional Center ("ACCC") medical unit on December 17, 2020. *See* Compl. ¶¶ 3, 42.

6. On or about December 21, 2020, a state medical examiner declared Mr. Jones's cause of death as Artherosclorotic Cardiovascular Disease. *See* Compl. ¶ 48.

7. Plaintiff brings this wrongful death lawsuit against Defendant, asserting the following theories:

   a. Negligence / Medical Negligence (Compl. at ¶¶ 82-85);

   b. Negligence Per Se (Compl. at ¶ 84);

c.  Punitive Damages as a result of the Defendant's acts that were allegedly "intentional, wanton, malicious and/or exhibiting a deliberate, conscious, and/or reckless disregard for [decedent's] safety, his rights, and his life." (Compl. at ¶ 87).

## There is Diversity of Citizenship Jurisdiction.

8. The basis for this removal to federal court is diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332, because: (1) there is complete diversity of citizenship between Plaintiff and Defendant, and (2) the Complaint is facially apparent that the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

### Diversity of Citizenship Requirement

*Plaintiff's Citizenship*

9. This claim is brought by Owen Goodwyne, the personal representative of the Estate of Henry Missick aka Anthony Alexander Jones ("Mr. Jones" or decedent). For purposes of diversity of citizenship, the legal representative of the estate of a decedent "shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2).

10. The decedent Mr. Jones was born in the Bahamas. *See* Compl. at ¶ 10. He entered the United States at or about age fourteen (14) and began work in the United States; however, he was not a U.S. Citizen or a permanent resident. *Id*. at ¶¶ 12-13.

11. The removal statute provides that diversity of citizenship exists in suits "between **citizens of a state and citizens of a foreign state**, except that the district courts shall not have original jurisdiction … of an action between citizens of a State and citizens or subjects of a foreign state who are **lawfully admitted for permanent residence in the United States and are domiciled in the same State**." 28 U.S.C. § 1332(a)(2) (emphasis added).

12. At the time of the events alleged in the Complaint, Mr. Jones was in custody of U.S. Immigration and Customs Enforcement ("ICE") and was housed at the Adams County Correctional Center ("ACCC") in Natchez, Mississippi. *See* Compl. at ¶ 1. His domicile is not alleged in the Complaint. *See Nagalingam v. Wilson, Sowards, Bowling & Costanzo*, 8 Fed. App'x 486, 487-88 (6th Cir. 2001) (defining "domicile" as "the last place where [a detainee] resided with the intention of remaining there indefinitely"; holding that a detainee's domicile does not change due to involuntary detention elsewhere) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). However, as stated above, the Complaint admits that Mr. Jones was <u>not</u> admitted for permanent residence in the United States. *See* Compl. at ¶ 13.

13. Therefore, Plaintiff is a citizen of the Bahamas (a foreign state) for purposes of diversity of citizenship jurisdiction.

*Defendant's Citizenship*

14. Defendant is a corporation formed in the state of Maryland, with its principal place of business in Tennessee. For purposes of diversity of citizenship jurisdiction, Defendant is a citizen of Maryland and Tennessee. Defendant is not a citizen of Mississippi.

**Amount in Controversy Requirement**

15. The Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy is greater than $75,000, exclusive of interest and costs. If it is facially apparent from the state court petition that the amount in controversy likely exceeds the removal threshold, then the defendant need only point this out to successfully meet its burden. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

16. Although the Complaint does not specify the exact dollar amount of damages sought, it is facially apparent that the amount in controversy in this action exceeds the sum and value of $75,000, exclusive of interest and costs. *See generally* Compl.

17. In this wrongful death lawsuit, Plaintiff seeks recovery under negligence/medical negligence and negligence per se theories, alleging that CoreCivic medical and other personnel were the actual and proximate cause of Mr. Jones's death while he was in custody of the ACCC. *See generally* Compl. Specifically, Plaintiff alleges that Mr. Jones sought medical treatment for chest pain but was not properly treated and was disregarded in the facility medical unit waiting area, until he was ultimately found unresponsive and unable to be resuscitated. *See id.*

18. Based on these allegations of medical malpractice, wrongful death, and punitive damages, it is "apparent from the face" of the Complaint that the damages sought are greater than $75,000. *Robinson v. Am. Med. Response, Inc.,* No. 3:08-cv-153-WHB-LRA, 2008 WL 4793736, at *1 (S.D. Miss. 2008) (finding plaintiff clearly sought damages over $75,000 where plaintiff sought compensatory and punitive damages arising from wrongful death claim against ambulance company and its employee medical providers).

19. The Complaint's punitive damages claim, alone, demonstrates Plaintiff seeks damages above the jurisdictional threshold. *See Compl.* ¶ 87. *See also Alexander v. DLJ Mortg. Capital, Inc.,* No. 3:15CV293-TSL-RHW, 2015 WL 3905250, at *2 (S.D. Miss. June 25, 2015) (collecting cases) ("It is well settled that, if Mississippi law permits punitive damages attendant to the particular claims the plaintiff is seeking redress for, then those damages are included in the computation of the amount in controversy.") *See also Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995) ("A court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [the amount in

controversy]. Accordingly, we hold that the face of the complaint supports the assertion of federal jurisprudence.").

20. As such, the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied in this case. *See Am. Heritage Life Ins. Co. r. Lang*, 321 F.3d 533, 537 (5th Cir. 2003); *Rodriguez v. Kivett's Inc.,* No. 3:05 CV 738 WHB JCS, 3:06 CV 13, 2006 WL 2645190, at *1 (S.D. Miss. 2006) ("The subject Complaint does not specify a dollar amount of damages sought by Plaintiff. […] However, […] as Plaintiff seeks compensatory and punitive damages arising from the alleged wrongful death of Barahona, the Court finds it is facially apparent that she is seeking damages in an amount greater than the jurisdictional limit."); *Benson v. City Finance Co.,* No. 1:02-cv-242-D-D, 2003 WL 715986, at *3 (N.D. Miss. Feb. 17, 2003) (inclusion of claims for punitive damages in the complaint "compels the conclusion" that damages exceed $75,000) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (holding that jurisdictional threshold was met where plaintiff sued for wrongful death.)).

21. Based on the foregoing, Defendant has met its burden to establish that the amount in controversy requirement is satisfied.

## **All Procedural Requirements for Removal are Satisfied.**

22. Plaintiff served Defendant on March 1, 2023. This Notice of Removal is timely filed within thirty (30) days of receipt, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which this action is based in accordance with 28 U.S.C. § 1446(b).

23. Copies of all process, pleadings and orders served upon Defendants to date in this action are attached as Exhibit "A", pursuant to 28 U.S.C. § 1446(a).

24. Defendant has simultaneously provided notice of the removal of this action to Plaintiff and to the Circuit Court of Adams County, Mississippi, by filing a "Notice of Filing Removal Notice," together with a copy of this "Notice of Removal," in the Circuit Court of Adams County, Mississippi, and by serving copies of the same on Plaintiff's counsel pursuant to 28 U.S.C. §1446(d).

25. There are no other defendants to this action who have been served with process and/or whose joinder is required in order to properly effectuate the removal of this action to this Court.

## Conclusion

26. Nothing in this Joint Notice of Removal shall be interpreted as a waiver or relinquishment of the rights of Defendant to assert any defenses available to it, including but not limited to: (1) lack of jurisdiction; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the putative claims; (8) failure to join an indispensable party(ies); (9) statute of limitations; or (10) any other pertinent defense available under Miss. R. Civ. P. 12 or Fed. R. Civ. P. 12, any state or federal statute or otherwise. Defendant specifically files this notice subject to, and incorporates herein, its Answer and Affirmative Defenses to the Complaint and affirmatively preserves each and every defense referenced above and/or generally available to it under applicable law and/or Court rules.

27. Defendant requests a jury trial.

WHEREFORE, Defendant respectfully requests that the above-captioned action now pending in the Circuit Court of Adams County, Mississippi, be removed to the United States District Court for the Southern District of Mississippi, Western Division, and that the United States

District Court assume jurisdiction over this action and enter such other further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

This the 22nd day of March, 2023.

>Respectfully Submitted,
>Defendant CoreCivic, Inc.
>
>By: /s Anna Little Morris
>LEM E. MONTGOMERY, III (MB No. 100686)
>ANNA LITTLE MORRIS (MB No. 105299)
>Attorneys for CoreCivic, Inc.

Of Counsel:
Butler Snow, LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Post Office Box 6010
Ridgeland, MS 39158
Tel: 601-948-5711
Fax: 601-985-4500
Lem.montgomery@butlersnow.com
Anna.morris@butlersnow.com

## CERTIFICATE OF SERVICE

I, Anna Little Morris, one of the attorneys for the Defendant, electronically filed the foregoing Notice of Removal with the Clerk of the Court using the Court's ECF system, which sent notification of such filing to the following counsel of record:

>Robert B. McDuff
>Miss. Bar No. 2532
>757 North Congress Street
>Jackson, MS 39202
>601-259-8484
>rbm@mcdufflaw.com
>Counsel for Plaintiff

SO CERTIFIED, this the 22nd day of March, 2023.

>s/ Anna Little Morris
>ANNA LITTLE MORRIS

68164208.v1